FILED
2025 Apr-08 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| BENNY EARL YAUGER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:24-cv-00345-MHH-SGC |
| | ) | |
| GREENE COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Benny Earl Yauger, Jr. has brought this action under 42 U.S.C. § 1983. Mr.
Yauger is proceeding *pro se*. The plaintiff asserts three claims in his amended
complaint for violations of the Religious Land Use and Institutionalized Persons Act
of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*. Mr. Yauger asserts his RLUIPA
claims against the Greene County Sheriff's Office, the Greene County Jail, and
individuals associated with the Greene County Sheriff's Office and the Greene
County Jail. (Doc. 11, pp. 3-5). The individuals are Sheriff Jonathan Benison;
Deputy Sheriffs Jeremy Rancher, LaJeffery Carpenter, and Hank McWhorter; Jail
Administrator Charles Davis; Jail Sergeant Wade; and Jailers McMillan, Powell,
Jordon, Elliott, Davis, Jennings, Horton, Ray, and Sheila. (Doc. 11, pp. 3-5). Mr.
Yauger names these defendants in their individual and official capacities. (Doc. 11,
pp. 3-5). To establish a claim under RLUIPA against one or more of these

defendants, Mr. Yauger must sufficiently plead a "substantial burden on [a] religious exercise," § 2000cc-1(a), which is something that "coerced [him] to perform conduct that his religion forbids or prevented [him] from performing conduct that his religion requires." *Wilkinson v. GEO Grp.*, 617 Fed. Appx. 915, 918 (11th Cir. 2015) (citing *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004)).

On February 21, 2025, the magistrate judge entered a report in which she recommended that the Court dismiss Mr. Yauger's RLUIPA claim based on his contention that he was forced to fight three inmates who beat him at the direction of Deputy Sheriffs Rancher and Carpenter. (Doc. 13, pp. 6-8). The magistrate judge understood Mr. Yauger to allege that, by directing other inmates to beat him, Deputy Sheriffs Rancher and Carpenter forced Mr. Yauger to defend himself by fighting back, conduct his religion forbids. The magistrate judge concluded there was too great a gap between the deputy sheriffs' alleged orders to the inmates who purportedly attacked Mr. Yauger and Mr. Yauger's participation in the fight for the deputy sheriffs' instruction to qualify as direct coercion. (Doc. 13, pp. 6-8). The magistrate judge explained that the Greene County Sheriff's Office and the Greene County Jail lack the capacity to be sued, RLUIPA does not authorize claims for money damages against individual defendants in their individual capacities, and Sheriff Benison and his deputies are entitled to Eleventh Amendment immunity in their official capacities. (Doc. 13, pp. 9-11). The magistrate judge recommended

2

that the Court refer back to her for further proceedings Mr. Yauger's RLUIPA claims against the jailer defendants in their official capacities concerning the unsanitary conditions he experienced in solitary confinement for 40 to 45 days and his inability to access clergy, religious services, and religious texts during the approximately seven months he was detained at the Greene County Jail. (Doc. 13, pp. 8-12).

Mr. Yauger objects to several aspects of the magistrate judge's report. (Doc. 14). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Yauger argues that the magistrate judge misinterpreted his claim concerning Deputy Sheriffs Rancher and Carpenter, in part because the magistrate judge considered factual allegations that he made in his initial complaint but omitted from his amended complaint. (Doc. 14, pp. 1-3). Mr. Yauger asserts he does not allege his rights under RLUIPA were violated because he was forced to fight but because his religion requires him to refrain from being involved in any violence, and he was forced "to be involved in [the fight]" as a passive victim of the assault. (Doc. 14, pp. 2-3). In his amended complaint, Mr. Yauger asserts that Deputy Sheriffs Rancher and Carpenter "coerce[d] [three] inmates" to beat him and that as a result, he "was directly coerced to conform his behavior accordingly" in that he was "forced to be involved in conduct that his religion forbids." (Doc. 11, pp. 7-8). Mr. Yauger requests $6 million in damages. (Doc. 11, p. 13). As the magistrate judge explained in her report, Mr. Yauger may not maintain a claim against the deputies for money damages. (Doc. 13, pp. 9-11). Therefore, the Court overrules Mr. Yauger's objection concerning his claim against Deputy Sheriffs Rancher and Carpenter and dismisses his RLUIPA claim regarding the fight that the deputies allegedly ordered.

Mr. Yauger objects to dismissal of the jailer defendants in their individual capacities and Sheriff Benison and his deputies in their individual and official capacities. Mr. Yauger does not object to the conclusion that RLUIPA does not

authorize claims for money damages against individual defendants in their individual capacities or the conclusion that Sheriff Benison and his deputies are entitled to Eleventh Amendment immunity in their official capacities. Rather, Mr. Yauger wishes to maintain his claims against these defendants by seeking alternative relief in the form of a court order for criminal investigations and prosecutions of the defendants. (Doc. 14, p. 3). District courts lack authority to order criminal investigations and prosecutions. *See United States v. Brantley*, 803 F.3d 1265, 1271 (11th Cir. 2015) ("Decisions regarding which crimes will be prosecuted are entrusted by the United States Constitution to the Executive Branch."); *United States v. Ramos*, 933 F.2d 968, 971 n.1 (11th Cir. 1991) ("Criminal investigations are an executive function within the exclusive prerogative of the Attorney General's Office."). Therefore, the Court overrules this objection.

Mr. Yauger suggests that citation errors in the magistrate judge's report hampered his ability to object to the report, and he requests another opportunity to file objections. (Doc. 14, pp. 1-2, 6-8). This argument may rest on a misunderstanding of the citation format in the report and recommendation. Citations to the record in the report refer to the document and page numbers assigned by the CM/ECF electronic document system, not the page numbers assigned by the author of a document. After a document is filed in CM/ECF, on each page of the document, the CM/ECF document number and page number information appears in the top

margin, and a record citation in the report appears as (Doc. __ at __); record cites in this opinion appear as (Doc. __, p. __).  To the extent that the report contains a typographical error, the Court is not persuaded that the mistake compromised Mr. Yauger's ability to object to the report.  Mr. Yauger is familiar with the allegations in his initial and amended complaints, so he was able to explain in his objections factual allegations that he believes the magistrate judge overlooked or misunderstood.  Therefore, the Court denies Mr. Yauger's request to file additional objections.

Having reviewed the materials in the Court's electronic docket, including the amended complaint, the magistrate judge's report, and Mr. Yauger's objections, the Court overrules the objections and accepts the magistrate judge's recommendations subject to the discussion in this memorandum opinion.  Therefore, pursuant to 28 U.S.C. § 1915A(b), the Court dismisses for failure to state a claim Mr. Yauger's RLUIPA claim related to his fight with three inmates and his RLUIPA claims against the Greene County Sheriff's Office, the Greene County Jail, Sheriff Benison and his deputies, and the jailer defendants in their individual capacities related to conditions of his detention in solitary confinement and his deprivation of access to clergy, religious services, and texts while detained at the Greene County Jail.  The Court refers to the magistrate judge for further proceedings Mr. Yauger's RLUIPA claims against the jailer defendants in their official capacities for the alleged conditions of

his detention in solitary confinement and his alleged deprivation of access to clergy, religious services, and texts while detained at the Greene County Jail.

**DONE** and **ORDERED** this April 8, 2025.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE